**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

BRIAN KEITH BEST,

   Petitioner,

   v.

DAVID GREEN, WARDEN,

   Respondent.

Civil Action No.:  ELH-23-918

**MEMORANDUM**

Petitioner, Brian Keith Best, who is currently incarcerated at Baltimore City Correctional Center ("BCCC"), filed a Petition For Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. ECF 1 (the "Petition"). Best, who is self-represented, alleges constitutional violations relating to his conviction in a Maryland State court. Petitioner provided several exhibits as a supplement to his Petition. ECF 6.

Respondent David Green is the Warden of BCCC, represented by the Office of the Maryland Attorney General. Respondent filed a limited answer to the Petition, asserting that the claims are time-barred. ECF 8. The submission includes several exhibits.

Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court provided Petitioner with an opportunity to explain why the Petition should not be dismissed as time barred. ECF 9. He filed a timely reply. ECF 10.

No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition shall be dismissed as time barred. A certificate of appealability shall not issue.

**I. Background**

On May 30, 2012, following a jury trial, Petitioner was convicted in the Circuit Court for Prince George's County, Maryland of one count of second-degree assault, one count of use of a handgun in the commission of a crime of violence, and one count of carrying a handgun. State Record; ECF 8-1 at 8-9. He was sentenced on August 10, 2012. *Id.* at 9. For sentencing purposes, the court merged the conviction for carrying a handgun and the conviction for use of a handgun in the commission of a crime of violence. *Id.* at 9, 154. Additionally, Petitioner was sentenced as a second-time violent offender, pursuant to Maryland Code (2002, 2012 Rep. Vol.), Criminal Law Article ("CL"), § 14-101(e). *Id.* at 154. He was sentenced to twenty years for use of a handgun in the commission of a crime of violence, and to a concurrent term of ten years for second-degree assault, for an aggregate term of twenty years of incarceration. *Id.*

On August 23, 2012, Petitioner noted a timely appeal to the Maryland Court of Special Appeals. *Id.* at 35.[1] In an opinion dated August 18, 2014, the Maryland Court of Special Appeals affirmed Petitioner's conviction "in all respects." *Id.* at 153-154. The court's mandate issued September 17, 2014. *Id.* at 172. Best filed a petition for writ of certiorari on September 25, 2014. *Id.* at 191. The Maryland Court of Appeals denied certiorari on November 20, 2014. *Id.* at 200.

---

[1] At the time this case occurred, the Appellate Court of Maryland was named the Court of Special Appeals of Maryland. During the Maryland general election on November 8, 2022, the voters of Maryland ratified a constitutional amendment, and changing the name of the Maryland Court of Appeals to the Supreme Court of Maryland. The voters also approved a change in the name of the Court of Special Appeals, to the Appellate Court of Maryland. The name change took effect on December 14, 2022. However, I shall refer to the courts by the names in effect when the opinions were issued.

Also on August 23, 2012, Petitioner filed a motion for reconsideration of sentence, and requested that his motion be held sub curia until he requests a hearing. *Id.* at 33. By order dated September 11, 2012, the court agreed to hold the motion in abeyance. *Id.* at 36. Petitioner requested a hearing on July 11, 2017. *Id.* at 243. But, on July 18, 2017, the court denied the motion, without a hearing. *Id.* at 247. On April 23, 2023, Petitioner wrote to the court requesting reconsideration of the denial of his motion for reconsideration. *Id.* at 365.

On May 1, 2015, Petitioner filed in State court a pro se petition for post-conviction relief, pursuant to Maryland's Uniform Postconviction Procedure Act. *Id.* at 201. The petition was subsequently supplemented by counsel on October 26, 2017. *Id.* at 253. A hearing was held on June 28, 2018, and the petition was later denied by order entered on May 14, 2019. *Id.* at 274, 289. Petitioner filed an Application for Leave to Appeal to the Court of Special Appeals on June 13, 2019. *Id.* at 193. Leave to appeal was denied October 25, 2019, and the court issued its mandate on November 26, 2019. *Id.* at 304-305, 302.

On March 20, 2020, Petitioner filed a motion to correct illegal sentence. *Id.* at 298. The motion was denied on August 19, 2020. *Id.* at 306. Petitioner filed a similar motion on September 26, 2022, which was again denied on October 20, 2022. *Id.* at 308, 333. On September 29, 2022, Best filed a petition for writ of habeas corpus ad subjiciendum in State court, which he supplemented on November 22, 2022. *Id.* at 312, 335. The petition was denied without a hearing on November 23, 2022. *Id.* at 357. Petitioner then filed a notice of appeal on February 13, 2023, *id.* at 358, but it was stricken as untimely on April 3, 2023. *Id.* at 364.

Thereafter, Petitioner filed the Petition in this Court, which was docketed on April 3, 2023. ECF 1. His Petition raises four grounds for review, *id.* at 7-11:

1. Petitioner's conviction for use of a handgun in the commission of a crime of violence is illegal because he was not convicted of "a necessary crime of violence;"

2. Because "ambiguity exists with respect to whether 'Second-degree Assault' is a crime of violence," the rule of lenity requires Petitioner's conviction to be vacated;

3. The verdicts are inconsistent because Petitioner was acquitted of the "underlying crime of violence, but convict[ed] of the greater offense," and thus "conviction for the greater must be vacated;" and

4. Once this Court corrects Petitioner's conviction and sentence for handgun offenses, his remaining sentences will have expired and Best will be entitled to immediate release.

Respondent does not address the merits of these allegations. Instead, he argues that the Petition is time-barred, and that Petitioner is not entitled either statutory or equitable tolling. ECF 8.

Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court provided Petitioner with an opportunity to explain why the Petition should not be dismissed as time barred. ECF 9. Petitioner replied and appears to argue that because this Court accepted the filing of his Petition, it was properly completed and "the U.S. District Court was fully aware of petitioner's judgment of conviction date of 2/23/2015 at the time they accepted his habeas corpus petition." *Id.* at 2. He also states that he filed this Petition shortly after the State court denied his petition for habeas corpus ad subjiciendum. *Id.* at 3. Finally, he states that this Court has discretion under the doctrine of equitable tolling to extend a "deadline after learning the circumstance in which a deadline is missed." *Id.*

**II. Discussion**

    **A. Limitations Period**

A one-year limitation period applies to § 2254 habeas petitions, which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, and even a liberal construction of his allegations of error does not suggest, that he was unable to timely file his Petition due to improper state action. Nor does petitioner suggest that any of his claims are based on a right that the Supreme Court has newly recognized and made retroactively applicable, or that any of his claims are based on a newly discovered factual predicate that could not previously have been discovered. Thus, the applicable limitations period for Petitioner's claims is the default limitations period articulated in § 2244(d)(1)(A): a one-year period beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"

Petitioner filed a petition for writ of certiorari in the Maryland Court of Appeals on September 25, 2014. ECF 8-1 at 191. That court denied certiorari on November 20, 2014. *Id.* at 200. Thereafter, Petitioner had ninety days to file a petition for a writ of certiorari to the United

5

States Supreme Court to challenge the State court's denial of discretionary review. U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Nothing in the record reflects that Petitioner pursued a petition for writ of certiorari before the United States Supreme Court. Thus, Petitioner's conviction became final on Wednesday, February 18, 2015, when the 90-day period for filing such a petition lapsed. The limitations period expired one year later, on Thursday, February 18, 2016. Petitioner filed this § 2254 petition more than seven years after the limitations period expired, and thus the petition is untimely on its face.

However, although the one-year limitations period has long-since lapsed, the case may nonetheless proceed if Petitioner can demonstrate that the limitations period was tolled (*i.e*. paused), thus rendering his federal habeas Petition timely filed. The limitations period may be tolled either by statute or equitably.

B. **Statutory Tolling**

The habeas statute at 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed above, the one-year limitations period here began on February 18, 2015. However, 72 days later, on May 1, 2015, Petitioner filed a petition for post-conviction relief, thus tolling the limitations period. That petition remained pending, and thus the limitations period was tolled until the petition was denied by order entered on May 14, 2019. Thirty days later, Petitioner timely filed an Application for Leave to Appeal, and thus the limitations period remained tolled until the Court of Special Appeals issued its mandate on November 26, 2019.

Next, 116 days later, on March 20, 2020, Petitioner filed a motion to correct illegal sentence. This remained pending, and thus tolled the limitations period until it was denied on August 19, 2020. At this point, only 188 days of the one-year limitations period had lapsed. Thereafter, however, Petitioner filed nothing further until September 26, 2022, *i.e.*, 769 days later.

Thus, even accounting for statutory tolling, well over a year passed between the beginning of the limitations period and the filing of Petitioner's federal petition for habeas relief on April 3, 2023. Thus, the Petition is untimely and is not salvaged by statutory tolling.

**C. Equitable Tolling**

Equitable tolling applies "in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). For equitable tolling to apply, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (stating that a habeas petitioner seeking equitable tolling must establish that some wrongful conduct by respondent prevented him from timely filing the petition or that extraordinary circumstances outside of the petitioner's control caused the delay). Under the doctrine of equitable tolling, a court may consider time-barred claims if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

To be sure, Best has lodged challenges to his convictions over the years. However, Best offers no explanation to excuse his belated filing of this Petition, nor does he proffer any extraordinary circumstances which might justify the equitable tolling of the limitations period.

7

There is no merit to Petitioner's argument that because this Court accepted the filing of his Petition, it was properly completed and "the U.S. District Court was fully aware of petitioner's judgment of conviction date of 2/23/2015 at the time they accepted his habeas corpus petition." ECF 10 at 2. Further, his argument that this Petition was filed shortly after the State court denied his State petition for habeas corpus does nothing to explain the lapse of the original limitations period.

In short, Petitioner has offered no colorable reason that would justify the extraordinary use of equitable tolling. Under these circumstances, Petitioner has failed to show that equitable tolling is appropriate, and thus there is no basis to save his untimely Petition.[2]

## III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying order is a final order adverse to the applicant, Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, as in this case, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2] Respondent raised the argument that Petitioner "also has not asserted a credible claim of actual innocence, and so he is not entitled to equitable relief from his untimeliness on that ground either." ECF 8 at 19. Petitioner does not assert a claim of actual innocence in either his Petition or his reply. *See* ECF 1, 10. As such, the court need not address this argument.

Petitioner's claims are subject to dismissal on procedural grounds.  And, upon review of the record, this court finds that he has not made the requisite showing.  Therefore, the Court declines to issue a certificate of appealability.  However, Best may still ask the United States Court of Appeals for the Fourth Circuit to issue such a certificate.  *See* Fed. R. App. P. 22(b).

**IV. Conclusion**

For the foregoing reasons, the Petition will be dismissed as time-barred. The court declines to issue a certificate of appealability.  An Order follows.


<u>September 8, 2023</u>                                   <u>          /s/          </u>
Date                                                        Ellen L. Hollander
                                                            United States District Judge

9